UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

       v.                                             Civ. No. 06-2230 (TFH/JMF)
                                                            Cr. No. 72-744 (TFH/JMF)

**RICHARD ANTHONY LEE,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

Defendant was convicted of murder and related charges in 1972. According to the motion he has now filed pursuant to 28 U.S.C. § 2255 in December 2006, he filed a prior §2255 motion which was resolved in 1982. Since that motion was resolved on its merits, the motion he has now filed which he admittedly describes as "successive"[1] cannot be entertained until he first secures the certification required by 28 U.S.C. § 2255.[2] In re: Moore, 196 F.3d 252 (D.C. Cir. 1999). Until he secures that certification, this Court lacks jurisdiction to consider his motion. United States v. Akers, Crim. No., 97-72-01, ___ F. Supp. 2d ___, 2007 WL 3275130 (D.D.C. Nov. 6, 2007); United States v. Nugent, Crim. No. 91-559-02, 2007 WL 2819232 (D.D.C. Sept. 25, 2007). I therefore recommend that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [#1] should therefore be denied for lack of jurisdiction over its subject matter and pursuant to 28 U.S.C. § 1631, the District Court should transfer the defendant's motion to the court of appeals for authorization under 28 U.S.C. § 2244.

---

[1] Memorandum of Points and Authorities at 1.
[2] All references to the United States Code are to the electronic version as it appears in Westlaw or Lexis.

2

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**

    \_\_\_\_/S/_____
    JOHN M. FACCIOLA

Dated: December 19, 2007    UNITED STATES MAGISTRATE JUDGE